```
                    United States Bankruptcy Court
                    Eastern District of Pennsylvania
```

In re:                                                          Case No. 20-10063-amc
James E. Nicholson                                              Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

```
District/off: 0313-2        User: PaulP          Page 1 of 1          Date Rcvd: May 29, 2020
                            Form ID: pdf900       Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 31, 2020.
db              +James E. Nicholson,    1149 N. 65th Street,    Philadelphia, PA 19151-3114

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 29, 2020 at the address(es) listed below:
          HOWARD  GERSHMAN   on behalf of Creditor   Transit Workers Federal Credit hg229ecf@gmail.com,
           229ecf@glpoc.comcastbiz.net
          MICHAEL A. CATALDO2   on behalf of Debtor James E. Nicholson ecf@ccpclaw.com,
           igotnotices@ccpclaw.com
          MICHAEL A. CIBIK2   on behalf of Debtor James E. Nicholson ecf@ccpclaw.com,
           igotnotices@ccpclaw.com
          REBECCA ANN SOLARZ   on behalf of Creditor   MidFirst Bank bkgroup@kmllawgroup.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                      TOTAL: 7
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: James E. Nicholson<br>　　　　　　　Debtor | CHAPTER 13 |
| MIDFIRST BANK<br>　　　　　　　Movant<br>　　　　vs. | NO. 20-10063 AMC |
| James E. Nicholson<br>　　　　　　　Debtor | |
| William C. Miller, Esquire<br>　　　　　　　Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.　　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,569.08** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2020 to May 2020 at $634.52/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$3,569.08** |

2.　　　The Debtor shall cure said arrearages in the following manner:

　　　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,569.08.**

　　　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,569.08** along with the pre-petition arrears;

　　　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.　　　Beginning with the payment due June 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $634.52 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.　　　Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.    In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.    If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.


Date:    May 14, 2020                    By: /s/ Rebecca A. Solarz, Esquire
                                        Attorney for Movant

                                        JAMES NICHOLSON

Date:_____            _____
                                        Michael A. Cibik, Esquire
                                        Attorney for Debtor

                                                                    *No objection to its
                                                                    terms, without
Date:    May 28, 2020                   /s/ Jack Miller, Esquire, for*   prejudice to any of our
                                        _____  rights and remedies
                                        William C. Miller, Esquire
                                        Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2020.  However, the court
retains discretion regarding entry of any further order.

                                        _____
                                        Bankruptcy Judge
                                        Ashely M. Chan

**Date: May 29, 2020**